1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAND WELCH,<br><br>                                   Petitioner,<br><br>v.<br><br>WARDEN LOUIS WILLIAMS,<br><br>                                   Respondents. | Case No.:  21cv504-CAB-BLM<br><br>**ORDER DENYING PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |

On March 22, 2021, Petitioner Brand Welch filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging the calculation of good time credits. [Doc. No. 1.]  On April 16, 2021, the government filed a response in opposition to the petition.  [Doc. No. 4.]  To date, no reply has been filed.

Petitioner has failed to exhaust his administrative remedies. Federal prisoners must exhaust the administrative remedies offered by the BOP before seeking § 2241 habeas relief. *Ward v. Chavez,* 678 F.3d 1042, 1045 (9th Cir. 2021); *Garza v. Davis*, 596 F.3d 1198, 1203-04 (10th Cir. 2010)("BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy to the institution. If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal.")

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner is required to file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. See 28 C.F.R. §§542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may then use a BP-10 Form to appeal to the applicable regional director, who has 30 days to respond. See 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. See 28 C.F.R. §§ 542.15 and 542.18.

Here, Petitioner only took the first of three steps in the administrative process. While Petitioner filed several BP-9 forms seeking compassionate release and home confinement [Doc. No. 1 at 15-19; Doc. No. 4-4], it was not until October 2020 that he asked the warden to calculate and apply any "earned time credit" he may have earned under the FSA. [Doc. No. 1 at 20.] When the warden declined to calculate any credits and instead instructed him to discuss the matter with the "reentry affairs coordinator" at his facility [*Id.* at 23], Petitioner never filed an appeal of that decision.[1] Therefore, the petition is **DENIED** without prejudice for failure to exhaust administrative remedies.[2]

Dated:  May 10, 2021

_____

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Petitioner claims that the reentry affairs coordinator at his facility has not responded to his request, but that does not excuse his failure to file further administrative appeals.

[2] Petitioner's request for an "immediate" RRC referral under the Second Chance Act is also **DENIED** without prejudice for failure to exhaust.  *Berry v. Sanders*, No. CV 08-1319-VBF(MAN), 2009 WL 789890, at *1(C.D. Cal. Mar. 20, 2009)(denying §2241 petition regarding placement in an RRC for failure to exhaust administrative remedies).